CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 30 2010

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID TATUM, ) | Civil Action No. 7:10-cv-00296 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN O'BRIEN, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

David Tatum, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants Terry O'Brien, warden of the United States Penitentiary in Lee County, Virginia ("USP Lee"); correctional officers Shoemaker, Steelert, Webb, Laster, and Captain Wilson; and Registered Nurse Teresa Mcade. Plaintiff alleges that the defendants conspired to use and subsequently used cruel and unusual punishment against him, in violation of the Eighth Amendment of the Constitution. This matter is presently before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I terminate O'Brien, Steelert, Laster, and Mcade because plaintiff fails to state a claim against them.

I.

Plaintiff alleges the following relevant facts in his verified complaint. On January 29, 2009, defendant Laster approached plaintiff in the recreation yard and told him that FBI agents wanted to speak with him. Plaintiff refused, and Laster escorted him back to his cell. However, his cell door was not working properly, and officers Webb and Shoemaker arrived to handcuff plaintiff and take him to the recreation yard. However, Webb tightened the handcuffs too tight while both officers twisted plaintiff's arms, lifting him off the ground and causing "unbearable

pain." Plaintiff asked the officers to stop, but Shoemaker said plaintiff would speak with the FBI agents regardless of his objections. The officers took plaintiff to Captain Wilson's office, where three F.B.I. agents and defendants Laster and Steelert were already present.

After being placed in a chair for the interview, plaintiff tried to leave the room by getting up from the chair. However, defendant Steelert put plaintiff in a choke-hold and "maliciously" took plaintiff to the floor. While face down, defendant Webb or Whitey ran into the room, jumped on his back with both knees and repeatedly struck plaintiff in the ribs with fists while officers placed him in leg irons. Captain Wilson watched these events occur in his office.

Plaintiff included with his complaint an incident report form that indicates that staff charged plaintiff with an institutional infraction of disobeying an order. However, it is not clear what the disposition of the charge was.

Plaintiff argues that defendant O'Brien is liable because he allegedly failed to properly train, supervise, and control his subordinates and that the correctional officers are liable for excessive force and conspiring to violate his civil rights. Captain Wilson is allegedly liable for watching the excessive force occur without intervening.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to

2

dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. Plaintiff simply

3

asserts against all the defendants that they conspired to violate his civil rights. Plaintiff fails to describe the defendants' discriminatory animus and recites only a facially implausible legal conclusion. See Iqbal, 129 S. Ct. at 1950; Gooden v. Howard County, Md., 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc). Plaintiff's claim against Steelert similarly fails because he relies on a label and conclusion that Steelert "maliciously" used force against him after he attempted to get out of his seat during an interview. Therefore, I dismiss plaintiff's conspiracy claim and excessive force claim against Steelert without prejudice and terminate Steelert as a defendant.

Plaintiff also merely concludes that O'Brien failed to adequately train subordinates without demonstrating an affirmative causal connection between O'Brien and the alleged constitutional deprivations. See, e.g., Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Without such a connection, plaintiff's claim is based on respondeat superior, which is not an actionable claim under Bivens. Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions, and vice versa). Therefore, I dismiss plaintiff's policy claim against O'Brien and terminate him as a defendant.

Plaintiff's factual allegations involving defendant Laster are merely that Laster escorted plaintiff to his cell without incident and was in Captain Wilson's room during the interview. Plaintiff does not make any allegations against defendant Mcade although she is listed in the case caption. Therefore plaintiff fails to state a claim against either Laster and Mcade, and I terminate them as defendants.

4

III.

For the foregoing reasons, I dismiss without prejudice plaintiff's conspiracy claim and claims against O'Brien, Steelert, and Laster, and I terminate O'Brien, Steelert, Laster and Mcade as defendants. After liberally construing plaintiff's complaint, plaintiff's claim of excessive force against officers Webb, Shoemaker, and Whitey and claim of bystander liability claim against Captain Wilson remain.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 30th day of August, 2010.

*Jackson L. Kiser*
Senior United States District Judge